# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JACQUELYN R. GORE,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:07-CV-0190-RDP |
| } | |
| **WASHINGTON MUTUAL FINANCE,** } | |
| **et al.,** } | |
| } | |
| **Defendants.** } | |

### MEMORANDUM OPINION

Currently pending before the court are Plaintiff's February 9, 2007 Motion to Remand (Doc #8) and Defendants' January 29, 2007 Motion to Compel Arbitration and Stay Proceedings (Doc #5). For the reasons explained below, the court finds Plaintiff's Motion to Remand is due to be granted and Defendants' Motion to Compel Arbitration and Stay Proceedings is due to be denied as moot.

### DISCUSSION

Defendants provided notice to this court of the removal of this action on January 29, 2007 (Doc #1) alleging complete diversity of citizenship under 28 U.S.C. § 1332. Based upon the record before the court, it is undisputed that: Plaintiff is an Alabama resident; Washington Mutual Finance is a Delaware resident; CitiFinancial Corporation is a Maryland resident; and Olympus Asset Management is a Maine resident. The parties also do not appear to dispute that JMB Real Estate - who was substituted for Envision Realty by Plaintiff's January 17, 2007 First Amended Complaint - is an Alabama resident. The issue here is whether JMB Real Estate was fraudulently joined to defeat diversity jurisdiction.

The Eleventh Circuit has addressed fraudulent joinder in cases such as *Crowe v. Coleman*, 113 F.3d 1536, 1538-42 (11th Cir. 1997). There, the court stated that "[i]n a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe*, 113 F.3d at 1538. Establishing fraudulent joinder requires satisfaction of a heavy burden of proof. *Id.*

Using this structure, Defendants do not allege that Plaintiff fraudulently pled jurisdictional facts. Defendants instead claim that there is no possibility that the Plaintiff can establish a cause of action against Alabama resident JMB Real Estate. Accordingly, the court examines Plaintiff's complaint to determine whether there is a possible cause of action against JMB Real Estate. *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003) ("[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."); *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287-88 (11th Cir. 1998) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate."). Any uncertainties surrounding an allegation of fraudulent joinder should be resolved in favor of Plaintiff. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."); *Crowe*, 113 F.3d at 1538 ("[T]he district court must evaluate the factual allegations in the light most favorable to the plaintiff . . . .").

In support of their fraudulent joinder argument, Defendants argue there are no allegations in Plaintiff's complaint that JMB Real Estate participated in any of the alleged misconduct. A review of the amended complaint undercuts that argument. In her amended pleading, Plaintiff alleges that: (1) "the Defendants did, separately and severally, convert items of personal property of the Plaintiff by removing said personal items from the location of the Plaintiff's residence . . . ." (Plaintiff's Amended Complaint, ¶ 12); (2) "Defendants, separately and severally, did enter upon the lawful residence of the Plaintiff . . . and by doing so did trespass upon the premises of the Plaintiff . . . ." (*id.*, ¶ 13); and (3) "Defendants, separately and severally, did negligently enter upon the premises of the Plaintiff's residence . . . and that the Defendants, separately and severally, did negligently remove items of personal property therefrom, did place those outside the reach and possession of the Plaintiff, and negligently violated the rights bestowed upon Plaintiff . . . ." (*Id.*, ¶ 14).

Additionally, contrary to Defendants' assertions, it is of no moment that Plaintiff does not know exactly what participation JMB Real Estate may have had in this matter at this time. First, no plaintiff is required to know each and every fact with certainty in order to file a valid complaint. *See, e.g.*, *Lotierzo v. Woman's World Med. Ctr.*, 278 F.3d 1180, 1183 (11th Cir. 2002) (observing the notice pleading standards incorporated into the Federal Rules of Civil Procedure). Second, all that is required to prevent application of the fraudulent joinder rule is that there exist a "possibility" that there could be a valid cause of action against JMB Real Estate. *E.g. Triggs*, 154 F.3d at 1287. Finally, Defendants have provided no factual basis for an assertion that the non-diverse defendant was fraudulently joined. Based on this analysis, the court concludes that Defendants have not satisfied their heavy burden to demonstrate that JMB Real Estate was fraudulently joined.

## CONCLUSION

For the reasons stated above, the court finds that Defendants have not demonstrated fraudulent joinder with respect to Plaintiff's claims against JMB Real Estate and Plaintiff's Motion to Remand should be granted. Defendants' Motion to Compel Arbitration and Stay Proceedings is accordingly due to be denied as moot. The court will enter a separate order remanding this case to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this      28th      day of March, 2007.

_____<br>
**R. DAVID PROCTOR**<br>
UNITED STATES DISTRICT JUDGE